UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OCTAVIA DODSON,

                Petitioner,

v.                                                                          Case No. 22-cv-1492-bhl

DAN CROMWELL,

                Respondent.

_____

**ORDER DENYING § 2254 HABEAS PETITION**
_____

      On March 25, 2016, an unidentified person rear-ended petitioner Octavia Dodson's car. (ECF No. 9 at 2; ECF No. 8 at 6.) Dodson exited his vehicle and drew a semi-automatic pistol (for which he had a valid concealed-carry permit) as the other car drove away. (ECF No. 9 at 2.) Dodson attempted to follow the departing car to get a license plate number, but ultimately lost sight of it. (ECF No. 8 at 6.) As he drove in search of the car that hit him, he swapped out his pistol's ten-round magazine for an extended seventeen-round magazine. (ECF No. 9 at 2.) When Dodson finally spotted the car he thought he was looking for, he followed it until it pulled over, at which point both Dodson and the other driver, Deshaun Freeman, exited their vehicles. (*Id.*) Dodson maintains he saw Freeman's hands moving near his pockets and that Freeman was shouting obscenities, causing Dodson to fear for his life and fire six rounds from his pistol. (ECF No. 8 at 6.) Tragically, three of those bullets struck Freeman, who died at the scene. (*Id.* at 6–7.) Even more tragically, police later determined that Freeman was both unarmed and not in fact the driver of the car that had rear-ended Dodson. *State v. Dodson*, 969 N.W.2d 225, 227 (Wis. 2022).

      The State of Wisconsin charged Dodson with second-degree intentional homicide, with unnecessary defensive force as a mitigating circumstance. *Id.* The prosecutor also included "use of a dangerous weapon" as a penalty enhancer. *Id.* Dodson ultimately pled guilty to second-degree intentional homicide and the state dropped the enhancer as part of the plea deal. (ECF No. 7-6 at 4.) At the sentencing hearing, the judge said he was "completely baffled as to why" this crime occurred and there was no "rational way of trying to explain it." (*Id.* at 30.) He also noted the

factors he had to consider in sentencing Dodson, including the serious nature of the offense, Dodson's character, and the need to protect the public. (*Id.*) He went on to say:

> I can tell you this, Mr. Dodson, that in my experience as a judge, I have seen over time how individuals when they are possessing a firearm, how that in some way changes them. It changes how they view the world. It changes how they react and respond to people. I know that this is only speculation on my part, but I do strongly feel that the day that you applied for that concealed carry permit and went out and purchased that firearm, and that extended magazine, whether your rational beliefs for possessing it, whether you felt the need to somehow arm yourself and protect yourself from essentially the crime that is going on in this community I think on that day set in motion this circumstance. It is clear to me, Mr. Dodson, that for whatever reason, and it appears that it is a distorted, misguided belief of the world that somehow Mr. Freeman was a threat that required you, in essence, to terminate his life. Makes no sense.

(*Id.* at 30–31.) After this and other explanations of his thinking, the judge sentenced Dodson to 14 years of initial confinement and six years of extended supervision. (*Id.* at 34.)

Dodson challenged the sentencing judge's statements in a postconviction motion, arguing that the judge had improperly relied on Dodson's lawful gun ownership to enhance his sentence. The postconviction court found that the sentencing judge likely did rely on the challenged comments, but, taken in context, the statements did not rise to the level of an improper sentencing factor, and denied Dodson's request for resentencing. (ECF No. 7-1 at 35, 37.) The Wisconsin Court of Appeals affirmed. *See State v. Dodson*, 949 N.W.2d 879, 2020 WL 4999697 (Wis. Ct. App. Aug. 25, 2020). In affirming, the court of appeals concluded that Dodson had not shown by clear and convincing evidence that the sentencing judge actually relied on an improper factor, echoing the postconviction court's language that taken "in context, … the trial court's comments about Dodson's unlawful use of his firearm were not improper" because "[t]he trial court never stated, explicitly or implicitly, that it was basing its sentence on the fact that Dodson chose to exercise his right…to carry a concealed weapon." *Id.* at *5. The Wisconsin Supreme Court granted Dodson's petition for review and affirmed the court of appeals' decision, concluding that Dodson had failed to prove by clear and convincing evidence that the sentencing court actually relied on an improper sentencing factor. *Dodson*, 969 N.W.2d at 231. On December 12, 2022, Dodson petitioned this Court for a writ of habeas corpus.

**LEGAL STANDARD**

To obtain federal habeas relief, Dodson must show that his state court custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To carry this burden, he must show that the Wisconsin courts rejected his claims "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A federal habeas court reviews "the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (citation omitted). Thus, Dodson must show that the Wisconsin Supreme Court either based its decision on an unreasonable determination of the facts or that its decision was contrary to or involved an unreasonable application of clearly established federal law. Respondent argues that Dodson has done neither. The Court agrees. Accordingly, Dodson's petition will be denied.

**ANALYSIS**

Dodson's habeas petition identifies a single ground for relief: that the sentencing court improperly relied on his status as a lawful gun owner when sentencing him, in violation of his Second Amendment rights. (ECF No. 1 at 6.) He frames his habeas challenge in terms of both an unreasonable determination of the facts and an unreasonable application of federal law. He argues that the Wisconsin Supreme Court based its denial of his challenge to his sentence "on an unreasonable determination of fact." (ECF No. 10 at 10.) He also argues that the Wisconsin Supreme Court "ruled contrary to or unreasonably appl[ied] clearly" established United States Supreme Court caselaw. (*Id.* at 13.) Under either approach, Dodson has failed to establish his right to habeas relief.

**I.    The Wisconsin Supreme Court Did Not Unreasonably Determine that the Trial Court Did Not Rely Upon an Improper Sentencing Factor.**

Dodson first points out that, "[c]ritically," the postconviction judge, while denying his motion, "found the sentencing judge's comments on gun ownership were not merely passing remarks but reflected his reasons for imposing the sentence." (ECF No. 8 at 10.) Respondent argues that "the Wisconsin Supreme Court clearly did not adopt any such findings but found that 'the circuit court neither exhibited an improper predisposition against all gun owners nor actually relied on Dodson's gun ownership or CCW permit as part of his sentence.'" (ECF No. 9 at 9)

(citing *Dodson*, 969 N.W.2d at 225). In any case, Respondent argues, the Wisconsin Supreme Court's "finding that the sentencing court did not actually rely on Dodson's lawful gun ownership" has not been overcome by clear and convincing evidence, thus requiring Dodson's petition to fail "without further analysis." (*Id*. at 9–10.) In his reply, Dodson reframes his argument by citing Section 2254(d)(2) and criticizing the Wisconsin Supreme Court for "downplaying and twisting the sentencing judge's remarks," constituting an unreasonable finding of fact. (ECF No. 10 at 10.) Because "[t]he sentencing judge imbued his entire sentencing rationale with the fact of Dodson's lawful gun ownership," Dodson argues, the Wisconsin Supreme Court's decision "was so lacking in justification" that Dodson "has presented clear and convincing evidence that the sentencing court did actually rely on [his] lawful gun ownership" in violation of Section 2254(d)(2). (*Id.* at 12.)

### A. The Wisconsin Supreme Court's Statements Were Not Factual Findings.

As an initial matter, Dodson's argument is probably not best framed as Section 2254(d)(2) argument, because, as an appellate court, the Wisconsin Supreme Court did not make any factual findings. To prevail under Section 2254(d)(2), Dodson must show by clear and convincing evidence that the Wisconsin Supreme Court based its decision on an unreasonable determination of the facts. *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010) (citing *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003)). Federal courts presume the state court's factual findings are correct: "The presumption of correctness also applies to factual findings made by a state court of review based on the trial record." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 546 (7th Cir. 2008) (citing *Sumner v. Mata*, 499 U.S. 539, 546–47 (1981)).

The line between a court's finding of facts and legal conclusions can be less than clear. *United States ex rel. Tonaldi v. Elrod*, 782 F.2d 665, 670 (7th Cir. 1986) ("[T]he fact/law distinction is often an elusive one…."). One thing is clear, however: appellate courts, like the Wisconsin Supreme Court, do not find facts. *See* Fed. R. Civ. P. 52(a); *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 498 (1984). At the same time, appellate courts may accept or adopt the findings of a trial court. *See Dassey v. Dittmann*, 877 F.3d 297, 316 (7th Cir. 2017) (citing *Rice v. Collins*, 546 U.S. 333, 339 (2006)). And a state appellate court's characterization of what the trial judge found are factual findings. *Corcoran v. Neal*, 783 F.3d 676, 683 (7th Cir. 2015) (citing *Parker v. Dugger*, 498 U.S. 308, 320 (1991)).

While Dodson's argument is that the state supreme court mischaracterized the sentencing judge's remarks, because he does not challenge the facts upon which the Wisconsin Court of Appeals based its conclusion, his argument is not best analyzed under Section 2254(d)(2). *See Zeas v. Garnett*, No. 21 C 50298, 2023 WL 2664775, at *2 (N.D. Ill. Mar. 28, 2023). The Wisconsin Supreme Court's holding—which, again, affirmed the court of appeals—that the sentencing court did not actually rely on Dodson's status as a gun owner is more accurately characterized as a legal conclusion. The supreme court addressed whether the sentencing court's statements indicated that it relied on Dodson's status as a gun owner and, under Wisconsin law, this is a legal question, not a factual one. *See Dodson*, 969 N.W. at 230–31. Specifically, the Wisconsin Supreme Court considered whether (1) the challenged factor was improper, and (2) whether the sentencing court actually relied on that factor. *See id.* at 231 (Hagedorn, J., concurring). Whether the comments "bore a reasonable nexus to relevant and proper sentencing factors" falls under the reliance prong of analysis. *See id.* at 230–31 (citing *State v. Williams*, 912 N.W.2d 373, 389 (Wis. 2018)). At most, the Wisconsin Supreme Court adopted the findings of the Wisconsin Court of Appeals, which reversed the postconviction court's finding that the sentencing judge did rely on Dodson's status as a gun owner. *See id.* at 231; *Dodson*, 2020 WL 4999697, at *5. Regardless, even if characterized as a factual finding, as discussed below, Dodson has not presented clear and convincing evidence that this factual finding was unreasonable.

## B. Even If the Wisconsin Supreme Court Did Make Factual Findings, Dodson's Argument Under Section 2254(d)(2) Still Fails.

The Wisconsin Supreme Court rejected Dodson's arguments on the trial court's alleged reliance on his gun ownership because it concluded Dodson's criticisms "ignore[d] critical context." *Dodson*, 969 N.W.2d at 229. Based on that context, the Court explained, the sentencing court had "neither exhibited an improper predisposition against all gun owners nor actually relied on Dodson's gun ownership or CCW permit as part of his sentence." *Id.* In particular, the Wisconsin Supreme Court noted that the sentencing judge "struggle[d] to reconcile" Dodson's lack of prior criminal record, the "innocuous circumstances leading up to the shooting" and, ultimately, his use of unnecessary defensive force. *Id.* Thus, according to the Court, the sentencing judge's comments on gun ownership were "a necessary step in assessing the gravity of that offense," making the comments "a proper sentencing factor." *Id.* at 230 (citing Wis. Stat. § 973.017(2)(ag); *State v. Gallion*, 678 N.W.2d 197, 208 (Wis. 2004)). In the Wisconsin Supreme Court's view, the sentencing judge also "leaned on [his] judicial experience to hypothesize about

why Dodson used unnecessary defensive force," which goes to a proper sentencing factor—whether Dodson would be a danger to the community. *Id.* Also, but for the gun, Dodson would not have used lethal force, so consideration of his possession of the weapon was proper for that reason as well. *Id.* Finally, because the sentencing judge cabined any views about gun owners within his own judicial experience and "the need to protect the public from the danger of Dodson's 'distorted, misguided' view," he did not actually rely on such views when sentencing Dodson. *Id.* at 230–231.

As discussed above, under Section 2254(d)(2), Dodson must establish that the Wisconsin Supreme Court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). But a finding of fact "is not unreasonable simply because a federal habeas court would have reached a different conclusion…[r]ather, a petitioner must rebut the state court's factual findings by 'clear and convincing evidence.'" *Hicks v. Hepp*, 871 F.3d 513, 525 (7th Cir. 2017) (quoting *Wood v. Allen*, 558 U.S. 290, 299 (2010); § 2254(e)(1)). Dodson has not met this high bar. The Wisconsin Supreme Court's characterization of the sentencing judge's remarks is not unreasonable—the supreme court correctly notes that Dodson's firearm was central to his offense. The court also reasoned that because the sentencing judge began his remarks with "in my experience as a judge," it was reasonable to interpret his comments as being cabined to his judicial experience and help inform his assessment of Dodson's danger to the community. (*See* ECF No. 7-6 at 30); *Dodson*, 969 N.W.2d at 230.

Dodson's arguments that the judge could have sentenced him without comment on his gun ownership miss the point and do not show by clear and convincing evidence that the Wisconsin Supreme Court's determination was unreasonable. (*See* ECF No. 10 at 12.) The Court's conclusions on this point are not "so clearly incorrect" to be "[un]debatable among reasonable jurists." *Wilber v. Thurmer*, 476 F. Supp. 3d 785, 796 (E.D. Wis. 2020) (citing *Brumfield v. Cain*, 576 U.S. 305, 314 (2015)). Dodson is therefore unable to upset any factual findings of the state court.

**II.     The Wisconsin Supreme Court Did Not Act Contrary to or Unreasonably Apply Federal Law.**

Dodson also argues that he is entitled to relief because the Wisconsin Supreme Court "unreasonably applie[d]" *Dawson v. Delaware*, 503 U.S. 159 (1992) in which the United States Supreme Court vacated a death penalty sentence based on a state court's improper admission of

evidence of the defendant's membership in the Aryan Brotherhood during sentencing in violation of the defendant's First and Fourteenth Amendment rights. (*See* ECF No. 8 at 13; ECF No. 10 at 13.) Respondent counters that Dodson's reliance on *Dawson* is misplaced because "Dodson's ownership and carrying of a firearm [were] plainly relevant to his unlawful killing of Freeman using that firearm, so the Wisconsin Supreme Court did not err under *Dawson*." (ECF No. 9 at 11.)[1] In reply, Dodson reiterates the constitutionally protected nature of gun-ownership, stating that judges "may not punish people for exercising constitutional rights [they] may disfavor." (ECF No. 10 at 14.) Regardless of whether the Wisconsin Supreme Court unreasonably determined that the sentencing judge did not actually rely on Dodson's status as a gun owner, Dodson has not shown that his sentencing violated federal law. His petition must therefore be denied.

A state court decision is contrary to clearly established federal law if it "applies a rule different from the governing law set forth in [the Supreme Court's] cases," *Bell v. Cone*, 535 U.S. 685, 694 (2002), or if it reaches a different conclusion than a Supreme Court case with materially indistinguishable facts. *Brown v. Payton*, 544 U.S. 133, 141 (2005). And "[a] state court decision involves an 'unreasonable application' of federal law 'if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Searcy v. Jaimet*, 332 F.3d 1081, 1089 (7th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). An unreasonable application must be "so erroneous as to be 'objectively unreasonable.'" *Badelle v. Correll*, 452 F.3d 648, 655 (7th Cir. 2006).

Contrary to Dodson's arguments, the Wisconsin Supreme Court's decision was neither contrary to nor an unreasonable application of *Dawson*. In *Dawson*, the United States Supreme Court held that admission of evidence in a capital sentencing proceeding that the defendant was in the Aryan Brotherhood violated the defendant's First and Fourteenth Amendments. *Id.* at 160. In vacating that sentence, the Supreme Court explained that neither Dawson's membership in the Aryan Brotherhood nor that group's racist views were relevant to his conviction. Nor were either

---

[1] Respondent also argues that Dodson "primarily argues under Wisconsin State law," and that habeas relief cannot be granted "based on a claim that a state court misapplied state law." (ECF No. 9 at 10.) Because the Wisconsin Supreme Court's ruling does not run afoul of federal law, the Court need not address whether its decision rests on an independent and adequate state law ground. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

relevant to rebut any mitigating evidence he offered on his behalf. *Id.* at 166–67. Accordingly, it was error to admit them during the capital sentencing phase of his trial. *Id.* at 168–69.

Dodson argues that his status as a lawful gun owner was similarly irrelevant and should not have been discussed as part of his sentencing. He contends that, under *Dawson*, the prosecution improperly stated that guns were dangerous and sentencing judge improperly punished him "for exercising constitutional rights" that the judge disfavored. (ECF No. 10 at 13–14.) This argument misapprehends the holding in *Dawson*, as explained in the Seventh Circuit's recent Second Amendment case, *Turner v. Brannon-Dortch*, 21 F.4th 992 (7th Cir. 2022). In *Turner*, a habeas petitioner argued that the prosecution's cross-examination of him on his possession of a gun violated his Second Amendment rights as confirmed in *Dawson*. *Turner*, 21 F.4th at 995. The Seventh Circuit rejected this overly broad interpretation of the scope of the Second Amendment. The Court of Appeals first noted that the *Dawson* Court did not hold that admission of evidence of "constitutionally protected associations, activities, or beliefs is *always* unconstitutional." *Id.* at 996. Rather, the Supreme Court held that any evidence of Dawson's Aryan Brotherhood membership "served no legitimate purpose because it was irrelevant to any issue in the penalty phase of trial." *Id.* (citing *Dawson*, 503 U.S. at 164–65.) The Court of Appeals further explained that *Dawson* "does not extend to the admission of relevant evidence, even if the evidence concerns constitutionally protected conduct." *Id.* at 997. "So if the evidence of [Dodson's] firearm possession was relevant, then his *Dawson* claim necessarily fails." *Id.*

The Wisconsin Supreme Court's analysis is consistent with *Dawson* as read and as explained in *Turner*. That Dodson had Second Amendment rights does not insulate him from the admission or discussion of the relevant fact that he possessed a gun, which he used unlawfully to shoot Freeman. Dodson's possession of a firearm was indeed directly relevant to the homicide he committed with that firearm. As the Wisconsin Supreme Court aptly explained, "absent the gun, Dodson would not have used lethal force." *Dodson*, 969 N.W.2d at 230. Dodson's related conduct with the gun was also relevant to his sentencing. He swapped out his "regular-capacity magazine for an extended 17-round magazine" while tracking down the car he thought hit his car. It was perfectly appropriate for the government and the sentencing judge to comment on and consider these facts, which suggested Dodson "anticipated a violent confrontation" and supported what the sentencing judge categorized as "distorted, misguided" conduct. *Id.* This conduct was relevant to the sentencing analysis of Dodson's potential danger to the community and the gravity of his

offense. *Id.* at 231 (citing *Gallion*, 678 N.W.2d at 208)). Neither the sentencing court nor the Wisconsin Supreme Court acted contrary to *Dawson* in recognizing the relevant fact of Dodson's firearm possession. *Turner*, 21 F.4th at 997 ("The irrelevance of the Aryan Brotherhood evidence is a key limit on *Dawson*'s reach.").

Finally, Dodson's argument that his sentence violates his Second Amendment right fares him no better. (*See* ECF No. 10 at 14 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008).) Dodson's habeas petition does not rest on his Second Amendment right to bear arms, and the Supreme Court's "Second Amendment decisions are simply in the background." *See Turner*, 21 F.4th at 996. It is undisputed that Dodson legally carried a firearm. But the legality of his possession is not at issue. As discussed above, because the Wisconsin Supreme Court held that Dodson's possession of the firearm was relevant to Dodson's sentence, the Court did not act contrary to *Dawson*. Dodson's habeas petition thus fails.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DENIED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** because the Court does not find that any reasonable jurist could debate that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated at Milwaukee, Wisconsin on August 22, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge